ADAM YAGER, Appellant, *v.* CHARLES PERSON, Respondent.

*Witness — what questions may be asked for the purpose of discrediting him.*

Appeal from a judgment in favor of the defendant, entered upon the verdict of a jury at the Greene Circuit.

The action was brought to recover damages alleged to have been sustained from an assault and battery committed upon the plaintiff by the defendant.

The court, at General Term, said: "It is settled that it is not competent to inquire into charges and accusations, or even indictments, for the purpose of discrediting a witness, because 'they are consistent with innocence, and may exist without moral delinquency.' (*People* v. *Irving*, 95 N. Y., 544.) It is, however,

competent to inquire of a witness as to his past conduct. (*People v. Casey*, 72 id., 394.)

"Under which of these two heads of inquiry did the questions in this case come? Plaintiff, on cross-examination, was asked: 'Have you been sued for assault and battery? A. Yes. Who sued you? A man by the name of Brick. Did he obtain a verdict against you? I believe he did. Did you have any trouble with Jeremiah Plank? A little trouble; he did not build the lime kiln as he agreed. Did you have any trouble with William Olliver? No, sir; no more than a little wood that I had sold him, and he did not cord it right.

"Now, whether plaintiff had been sued for assault and battery was immaterial. Even a judgment against him was not a conviction of a crime. The inquiry made was not as to the plaintiff's having committed an assault, as in *People* v. *Casey* (*ut supra*). The defendant admits that the question as to being sued was improper, but claims that it was afterwards justified by the fact that Brick recovered, which recovery, defendant says, established the fact of the assault. But we think that it is stated in *Real* v. *People* (42 N. Y., 271) the inquiry should be as to specific acts of the witness, and not as to the success of litigations against him. Of course a conviction of a crime stands on a different ground.

"The other questions, respecting trouble with Plank and Oliver, the defendant justifies on the ground that by inference they referred to assaults. They were not so expressed, and they were not so answered. There was an affray between these parties, and contradictory evidence in respect to it. Each of the parties testified and gave different versions of the affair. It may have influenced the jury to have evidence that plaintiff had been sued for assault and battery, and had had trouble with two or three persons. We think these errors cannot be disregarded.

"Judgment reversed, new trial granted, costs to abide event."

*A. C. Griswold*, for the appellant.

*Frank H. Osborn*, for the respondent.

Opinion by LEARNED, P. J.; BOOKES and LANDON, JJ., concurred.

Judgment and order reversed, new trial granted, costs to abide event.